UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 12-CV-628

---

MARIAN STEWART,

        Plaintiff,

v.

EVEREST RECEIVABLE SERVICES, INC.,
STEVE DOE, and CHARLES DOE,

        Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant ERS transacts business in this district.

## PARTIES

4. Plaintiff Marian Stewart (hereinafter "Plaintiff"), is a natural person residing in the County of Eau Claire, State of Wisconsin, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

5. Defendant Everest Receivable Services, Inc. (hereinafter "Defendant ERS"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 5165 Broadway #112, Depew, NY 14043.

6. Defendant Steve Doe (hereinafter "Defendant Steve") is a natural person employed at all times relevant herein by Defendant ERS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Charles Doe (hereinafter "Defendant Charles") is a natural person employed at all times relevant herein by Defendant ERS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

8. Sometime prior to January 2012, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant ERS for collection.

10. In April 2012, Defendant ERS called Plaintiff's home telephone and spoke with Plaintiff, which is a "communication" as defined by 15 U.S.C. § 1692a(2).

11. Defendant failed to identify as a debt collector attempting to collect a debt as required by 15 U.S.C. § 1692e(11).

12. Plaintiff requested written documentation of Defendant ERS's ownership of the alleged debt. Defendant ERS indicated paperwork would be sent.

13. Defendant ERS failed to provide Plaintiff with a 30-Day Validation Notice within five (5) days of the initial communication, violating 15 U.S.C. § 1692g.

14. At no time has any paperwork of any sort been sent by Defendant ERS to Plaintiff.

15. On May 11, 2012, upon information and belief, Defendant ERS called and spoke with Plaintiff. An individual identifying as "Steve" demanded payment of the alleged debt.

16. Plaintiff indicated she had recently suffered a heart attack, presently had a broken leg, was not working, and would not be able to make a payment at that time as she did not have sufficient funds.

17. Defendant Steve persisted with demands for payment.

18. Plaintiff and Defendant Steve subsequently agreed that Defendant ERS would call Plaintiff on May 18 and if Plaintiff had sufficient funds at that time, she would agree to authorize a payment.

19. Defendant Steve confirmed a bank account number with Plaintiff before terminating the May 11, 2012 telephone call. Plaintiff explicitly stated she

was not giving permission to Defendants to withdraw money from her account unless and until she received a call on May 18, 2012.

20. Plaintiff received no call from Defendants on May 18, 2012.

21. On May 21, 2012, Defendant ERS withdrew $287.64 from Plaintiff's bank account, violating 15 U.S.C. §§ 1692e, 1692e(1), 1692f, 1692f(1), and 1692f(6) amongst others.

22. Plaintiff's bank account did not have sufficient funds at the time Defendant ERS made the withdrawal, causing Plaintiff to incur overdraft fees.

23. Defendant ERS did not call Plaintiff prior to withdrawing the funds, per the agreement between the parties, in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692f(1), 1692f(5), and 1692f(6) amongst others.

24. On or about May 24, 2012, Plaintiff called Defendant ERS to determine why they had reneged on the May 11, 2012 agreement.

25. An individual identifying as "Charles" answered the call.

26. Plaintiff asked Defendant Charles why Defendant ERS had withdrawn money from her account despite acknowledging on May 11 2012 that they did not have permission to take money from her account.

27. Defendant Charles became abrasive, told Plaintiff that the money was taken because Plaintiff owed it, and played part of a recording Defendant ERS made of the May 11, 2012 telephone call with Defendant Steve. Plaintiff stressed that Defendant Charles had not played the entire recording and was taking her recorded statements out of context.

28. Defendant Charles' conduct during this telephone conversation constitutes a violation of 15 U.S.C. 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1),

29. Plaintiff suffered actual damages under the FDCPA in the form of overdraft fees, sleeplessness, and fear of answering the telephone.

## Violation of The Fair Debt Collection Practices Act

30. The conduct of Defendants constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(5), 1692f(6), and 1692g amongst others.

## Respondeat Superior Liability

31. The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendant ERS who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant ERS.

32. The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant ERS in collecting consumer debts.

33. By committing these acts and omissions against Plaintiff, Defendants and these other debt collectors were motivated to benefit their principal, Defendant ERS.

34. Defendant ERS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Wisconsin law, in their attempts to collect this debt from Plaintiff.

*Summary*

35. The above-detailed conduct by each Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

36. Each Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of each Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

41. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

42. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

43. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

Respectfully submitted,

Dated: July 13, 2012                MARTINEAU, GONKO & VAVRECK, PLLC


_s/ Mark L. Vavreck_                                     .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@mgvlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF WISCONSIN      )
                        ) ss
COUNTY OF EAU CLAIRE    )

MARIAN STEWART, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

s/ *Marian F. Stewart*
Marian Stewart

Subscribed and sworn to before me this 18 day of July 2012.

*[signature]*
Notary Public

[Notary Seal: KATY A. TORAASON, NOTARY PUBLIC, STATE OF WISCONSIN]

exp. 4-19-15

9